09-3264-cv
Ockimey v. Town of Hempstead

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of June, two thousand eleven.

PRESENT:  ROGER J. MINER,
          REENA RAGGI,
          GERARD E. LYNCH,
               *Circuit Judges*.

-------------------------------------------------------------
GEORGE OCKIMEY,
               *Plaintiff-Appellant*,

PAUL W. FOWLER,
               *Plaintiff*,

     v.                                         No. 09-3264-cv

TOWN OF HEMPSTEAD, HEMPSTEAD DEPARTMENT OF SANITATION, STEVEN PEPE, STANLEY LOMBARDO, PETE MALITRANO,
               *Defendants-Appellees*,

SANTO SAIS, II, CHARLES R. SELLITTO, ANGELO MAFFEI,
               *Defendants*.
-------------------------------------------------------------

FOR APPELLANT:    George Ockimey, *pro se*, Uniondale, New York.

FOR APPELLEES:    John E. Ryan, Ryan, Brennan & Donnelly LLP, Floral Park, New York.

Appeal from the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of July 15, 2009, is AFFIRMED.

Pro se plaintiff George Ockimey appeals from the district court's grant of summary judgment in favor of defendants on Ockimey's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), 42 U.S.C. §§ 1981, 1983, and 1985(3), the First and Fourteenth Amendments to the United States Constitution, N.Y. Civil Rights Law § 40-c, and N.Y. Executive Law § 296, and for breach of contract. We assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review an award of summary judgment de novo, considering whether there was a genuine issue as to any material fact and, if not, whether the moving party was entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). We "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Although the burden rests on the movant to show that no genuine factual dispute

2

exists, see Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, 182 F.3d 157, 160 (2d Cir. 1999), a moving defendant is not required to file affidavits (or other materials) disproving the plaintiff's claims, see Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994) ("[T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case."); see also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Upon an independent review of the record, we conclude that summary judgment in favor of defendants was warranted for substantially the reasons set forth in the district court's well-reasoned and thorough opinion.

We have considered Ockimey's arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court